IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MAURICE BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERIFF E. NEAL JUMP; JEFF GUNDERSON; and DR. KIDDER, in their individual and official capacities; and GLYNN COUNTY SHERIFF'S OFFICE,<br><br>    Defendants. | CIVIL ACTION NO.: 2:21-cv-100 |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Docs. 1, 1-1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Glynn County Sheriff's Office.  However, I **FIND** Plaintiff's claim for deliberate indifference to a serious medical need may proceed against Defendants Jump, Gunderson, and Kidder.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff brings this suit under § 1983, alleging violations of his constitutional rights while housed at the Glynn County Detention Center.  Docs. 1, 1-1.  Plaintiff alleges he was denied adequate medical care while at Glynn County Detention Center.  Plaintiff claims he was

---

[1]    All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

shot and had surgery as a result of being shot.  Doc. 1-1 at 1–2.  Plaintiff also had surgery following a car wreck.  Id. at 3.  Following these surgeries, Plaintiff was arrested on probation violations and incarcerated at the Glynn County Detention Center.  Id. at 4.

When Plaintiff entered the Glynn County Detention Center, his ace bandages were removed, and he was denied his prescription medication.  Id.  Plaintiff then repeatedly tried to seek medical attention due to his injuries, including medical treatment, pain medication, and physical therapy.  Id. at 5.  Defendant Kidder only provided Plaintiff with a bottom-bunk profile and minimal treatment.  Id.  Plaintiff then received multiple recommendations for surgery to correct issues with his hand, but he did not receive surgery for almost a year.  Id. at 6–8.  Then, Plaintiff was not provided prescribed physical therapy following surgery.  Id. at 9.  The delay in obtaining surgery and the denial of physical therapy have resulted in permanent damage to his left hand, including chronic pain and a reduced range of motion.  Id. at 9–10.  Plaintiff sues Defendants in their official and individual capacities.  Id. at 10.  Plaintiff seeks both monetary relief and injunctive relief.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff names the Glynn County Sheriff's Department as a Defendant.  Doc. 1.  To prevail on a civil rights action under § 1983, a plaintiff must show he was deprived of a federal constitutional right by a person acting under color of state law.  Strange v. JPay Corp., No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020) (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)); see also Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  Defendant Glynn County Sheriff's Department is not a legal entity subject to suit under § 1983.  Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (finding sheriff's departments are not usually entities subject to suit in Georgia under § 1983).  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Glynn County Sheriff's Department.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Glynn County Sheriff's Office.  However, I **FIND** Plaintiff's claim for deliberate indifference to a serious medical need may proceed against Defendants Jump, Gunderson, and Kidder.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 12th day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA